UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH A. WOODS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1760 HEA |
| | ) | |
| JEROME STUBBLEFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Kenneth A. Woods (registration no. 56599) for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee. The Court will assess an initial partial filing fee of $5.77. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the

Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $28.83, and an average monthly balance of $3.30. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.77, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint and Supplement**

Plaintiff, a pretrial detainee at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against Jerome Stubblefield (Superintendent). Plaintiff alleges that (1) he is being denied access to the courts; (2) on one occasion, his attorney came to the prison and was told she could not see plaintiff; (3) defendant Stubblefield is controlling "movement" at the prison and is waking the inmates up early to start breakfast so that "when the Feds enter the building he'll look like he's doing something about [some kids' escape]"; and (4) the prison has no ventilation and is under-staffed.

**Discussion**

Plaintiff brings this action against defendant Stubblefield in his official capacity. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint and supplement do not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the pleadings are legally frivolous and fail to state a claim upon which relief can be granted.

In addition, plaintiff has failed to state an access-to-the-courts claim, given that he does not allege that he has suffered actual prejudice with respect to a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated).

Plaintiff's claim that he was denied access to his attorney on one occasion does not rise to the level of a constitutional violation. Moreover, this claim is not directed against defendant Stubblefield, and the theory of respondeat superior is inapplicable in § 1983 actions. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983).

Last, plaintiff's remaining claims concerning prison ventilation and staffing, as well as defendant Stubblefield's actions in controlling "movement" and waking up the inmates too early are legally frivolous in that they simply do not rise to the level of a constitutional violation and fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $5.77 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 1st day of October, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE